UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEVE WHITE,<br><br>　　　　　Defendant. | Case No. 2:21-cv-00388-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 12<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED, OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>SIXTY-DAY DEADLINE |

　　　Plaintiff has filed a complaint alleging that Judge Steve White violated his rights during state superior court hearings by making "illegal" judgments against him. ECF No. 1 at 1. Plaintiff has not made out a viable claim. I will give plaintiff a chance to amend his complaint before recommending that this action be dismissed. I will also grant his application to proceed *in forma pauperis*. ECF No. 12.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's brief complaint alleges that Judge White rendered "illegal" judgments against him that resulted in the suppression of exculpatory evidence. ECF No. 1 at 1.[1] The complaint

---

[1] After plaintiff's original complaint was filed, he lodged additional allegations in a "letter" and a "supplement to the complaint." ECF Nos. 13 & 14. Allegations raised outside the

offers no specifics as to what evidence was suppressed or what rationale Judge White gave for his rulings. This claim fails for two reasons.

First, plaintiff is seeking monetary damages against Judge White, ECF No. 1 at 3, and section 1983 claims against judges for damages are barred by judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Second, the proceedings at issue, insofar as plaintiff references exonerating evidence, appear criminal in nature. If that is the case, plaintiff may not attack the legitimacy of his conviction by way of a section 1983 action unless it has already been reversed on appeal or otherwise expunged. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Instead, he may file a petition for habeas corpus.

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 12, is granted.

2. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed for failure to state a claim.

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form.

---

complaint will not be considered, however. Plaintiff should, if he chooses to amend his complaint, include all of his allegations therein.

1  IT IS SO ORDERED.

3  Dated:   October 6, 2021

                                              JEREMY D. PETERSON
                                              UNITED STATES MAGISTRATE JUDGE