1

2

3

4

5

6                            UNITED STATES DISTRICT COURT

7                     FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   MARTIN LEE FOSTER,                    Case No.  2:21-cv-00388-JDP (PC)

10                 Plaintiff,             ORDER:

11      v.                                (1) DENYING PLAINTIFF'S MOTION
                                          FOR EXTENSION OF TIME
12   STEVE WHITE,
                                          (2) DIRECTING THE CLERK OF COURT
13                 Defendant.             TO ASSINGN A DISTRICT JUDGE TO
                                          RULE ON THESE FINDINGS AND
14                                        RECOMMENDATIONS

15                                        ECF No. 19

16                                        FINDINGS AND RECOMMENDATIONS
                                          THAT PLAINTIFF'S AMENDED
17                                        COMPLAINT BE DISMISSED WITHOUT
                                          LEAVE TO AMEND
18
                                          ECF No. 18
19
                                          FOURTEEN-DAY DEADLINE
20

21

22         Plaintiff brings this suit against Judge Steve White of the Sacramento County Superior

23   Court. ECF No. 18 at 4.  His claims against this defendant are precluded by judicial immunity.

24   He has also sued a district attorney and a public defender.  These claims are also, for the reasons

25   stated below, precluded.  Accordingly, I recommend that the amended complaint be dismissed

26   without leave to amend.

27

28
                                            1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff brings his claims against three individuals, none of whom is a proper defendant in a section 1983 action.

First, plaintiff's claims against Judge White, a superior court judge, are foreclosed by the doctrine of judicial immunity.  It has long been held that "[j]udges are absolutely immune from

2

1    civil liability for damages for their judicial acts." *Mullis v. U.S. Bankr. Court for Dist. of Nevada*,

2    828 F.2d 1385, 1388 (9th Cir. 1987).[1]  Plaintiff alleges that Judge White abused his position and

3    is a "conspirator to a serious [and] fraudulent courtroom scandal."  ECF No. 18 at 4.  Specifically,

4    plaintiff appears to take issue with being deemed incompetent to stand trial.  *Id.*  These

5    allegations indicate that plaintiff is suing Judge White based on his judicial acts, and his claims

6    must be dismissed.

7         Second, plaintiff has sued a public defender named Christopher.  ECF No. 18 at 2.

8    Plaintiff does not make any specific reference to Christopher in the body of his complaint, but he

9    does allege that unnamed public defenders colluded with the state of California and Judge White

10   to aid and abet police misconduct.  *Id.* at 4.  Generally, public defenders are not suitable

11   defendants in section 1983 actions because they are not considered state actors.  *See Vermont v.*

12   *Brillon*, 556 U.S. 81, 91 (2009).  And plaintiff's claim that some public defenders aided and

13   abetted unspecified police misconduct is too vague to surmount this obstacle.

14        Third, plaintiff alleges that an unnamed prosecutor violated his rights during his state

15   court proceedings.  ECF No. 18 at 2, 4.  This claim fails because "[p]rosecutors are absolutely

16   immune from liability under § 1983 for their conduct insofar as it is 'intimately associated' with

17   the judicial phase of the criminal process."  *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir.

18   2005).

19        This is plaintiff's second complaint, and he is no closer to stating a cognizable claim.

20   Accordingly, I recommend that this action be dismissed without leave to amend.  Additionally, I

21   will deny his request for an extension of time, ECF No. 19, because no deadline is pending.

22        Accordingly, it is ORDERED that:

23        1.  Plaintiff's motion for extension of time, ECF No. 19, is DENIED.

24        2.  The Clerk of Court is directed to assign a district judge to this action.

25        Further, it is RECOMMENDED that plaintiff's amended complaint, ECF No. 18, be

26   DISMISSED without leave to amend for failure to state a cognizable claim.

27

28        [1] As relief, plaintiff seeks five million dollars in damages.  ECF No. 18 at 6.

3

1    These findings and recommendations are submitted to the United States District Judge

2   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3   after being served with these findings and recommendations, plaintiff may file written objections

4   with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

5   and Recommendations."  Failure to file objections within the specified time may waive the right

6   to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998);

7   *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

8

9   IT IS SO ORDERED.

10

11  Dated:    May 12, 2022                    _____

    JEREMY D. PETERSON
12  UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28